**IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT**

**PETITION FOR WRIT OF MANDAMUS

UNDER 28 U.S.C. § 1651(a)**
In re: Curtis Boswell, Petitioner
Relating to EDPA Case No. 2:25-cv-05469



---

# PETITION FOR WRIT OF MANDAMUS

Petitioner Curtis Boswell respectfully petitions this Court for a writ of mandamus directing the Honorable Judge Murphy of the United States District Court for the Eastern District of Pennsylvania to perform his nondiscretionary judicial duties in Case No. 2:25-cv-05163 and to cease further involvement in the matter due to demonstrated disregard of mandatory procedure, failure to rule, and actions undermining the integrity of the judicial process.

---

## I. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1651(a) (All Writs Act) to issue mandamus relief against a United States District Judge where the petitioner shows:
(1) a clear and indisputable right to relief;
(2) a corresponding duty by the district judge; and
(3) no adequate alternative remedy.

All three conditions are satisfied.

---

## II. ISSUES PRESENTED

1. Whether the district judge failed to perform mandatory judicial duties by refusing to rule on, acknowledge, or address Petitioner's properly-filed federal civil rights claims.

2. Whether the district judge failed to act on a transferred case involving constitutional violations, as required under federal jurisdiction.

3. Whether irregularities—including ignored filings, mishandled remand timing, and disregard of mandatory 30-day removal/remand provisions—justify mandamus relief.

4. Whether reassignment to a different district judge is required to preserve the integrity of the proceedings.

---

## III. STATEMENT OF FACTS

1. Petitioner filed federal civil rights claims under 42 U.S.C. §§ 1983, 1985, and related constitutional provisions involving tampered state-court dockets, erased hearings, and coordinated misconduct by two judges of the Court of Common Pleas of Philadelphia.

2. Petitioner properly filed Case No. 2:25-cv-05163 (Boswell v. Court of Common Pleas of Philadelphia) in the Eastern District of Pennsylvania.

3. The federal case includes:

Due process violations;

Equal protection violations;

Judicial misconduct;

Unlawful remand conduct;

Property deprivations; and

Violations of 28 U.S.C. § 1443.

4. Judge Murphy refused to recognize or act upon multiple filings, including the primary complaint and supporting evidence.

5. The district court applied an improper remand standard and ignored the mandatory 30-day requirements under 28 U.S.C. § 1447(c), despite clear proof that the state had knowledge of the case and failed to act within the statutory period.

6. The district judge has taken no steps to adjudicate the civil rights claims, no steps to clarify jurisdiction, and no steps to address the violations documented in the state-court docket.

7. This inaction leaves the Petitioner without any judicial remedy in the district court, constituting a constructive refusal to exercise mandatory federal jurisdiction.

---

IV. ARGUMENT

A. Petitioner Has a Clear and Indisputable Right to Relief

Federal judges must rule on properly filed motions, address jurisdictional issues, and adjudicate civil rights claims. A district judge may not ignore filings, refuse to act, or allow a case to stagnate in procedural limbo.
Judge Murphy's failure to act violates:

28 U.S.C. § 1331 (federal question jurisdiction)

28 U.S.C. § 1443 (civil rights removal)

28 U.S.C. § 1447(c) (mandatory 30-day rule)

Requirements under Article III

Petitioner's constitutional due-process rights

No judge may deliberately bypass mandatory procedures.

---

### B. The District Judge Has a Clear Duty to Act

A district judge has no discretion to refuse to review a complaint, no discretion to ignore evidence of state-court misconduct, and no discretion to sidestep adjudication of a properly filed federal case.

---

### C. No Other Adequate Remedy Exists

Petitioner cannot appeal rulings that were never made.
He cannot obtain a record for appeal because the judge has not acted.
Waiting is not a remedy when the court refuses to perform its duties.

Mandamus is the only avenue that prevents further damage.

---

## V. REQUESTED RELIEF

Petitioner respectfully asks this Court to issue an order:

1. Directing Judge Murphy to immediately rule on the properly filed federal complaint.

2. Vacating any improper or premature remand actions taken without compliance with statutory requirements.

3. Directing the district court to adjudicate all federal civil rights issues, including misconduct in the state-court docket.

4. Reassigning the case to a different district judge to preserve impartiality and the appearance of justice.

5. Granting any additional relief necessary to protect the integrity of the federal judicial process.

---

## VI. CONCLUSION

The district court's inaction, disregard of statutory mandates, and mishandling of Petitioner's filings leave no adequate remedy aside from mandamus. The extraordinary nature of this case—tampered state-court dockets, erased hearings, ignored federal filings, and failure to follow black-letter federal procedure—requires extraordinary relief.

Petitioner respectfully requests that the Court issue the writ.

---

Respectfully submitted,
Curtis Boswell
Petitioner, Pro Se
5211-17 Filbert st
Philadelphia, Pa 19139
484-846-0701
Curtisboswell55@gmail.com
Limpios.pcs@gmail.com